IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                                 Criminal Action 2:12-cr-242
                                                         Judge Graham

**MARTIN DALE GEYER**

## REPORT AND RECOMMENDATION

The United States of America and defendant Martin Dale Geyer entered into a plea agreement whereby defendant agreed to enter a plea of guilty to three (3) counts of a nine count *Indictment*: Count 6 charging mail fraud in violation of 18 U.S.C. § 1341, Count 8 charging possession of a controlled substance in violation of 21 U.S.C. § 844(a), and possession of a firearm by a user of a controlled substance in violation of 18 U.S.C. § 922(g)(3).  On September 23, 2013, defendant, accompanied by his counsel, appeared for a competency hearing and a change of plea proceeding.

**Competency Hearing**:

On May 24, 2013, at the request of defendant's attorney and without objection by the United States, defendant was ordered to undergo a competency evaluation.  *Order*, Doc. No. 20.  Defendant was thereafter evaluated by Michael C. Mobley, M.D., who reported his opinion that defendant is not suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  *Independent Psychiatric Medical Examination*, Doc. No. 28 (sealed).  At the September 23, 2013 hearing, all parties represented that they had received a copy of Dr. Mobley's report, had reviewed the report, did

not disagree with Dr. Mobley's opinion and had no further evidence or information regarding defendant's competence to participate in the proceedings against him.  See 18 U.S.C. §§ 4241(c), 4247(d).

Under these circumstances, it is **RECOMMENDED** that defendant be found competent to participate fully in the proceedings against him.

### *Change of Plea Proceeding*:

On May 24, 2013, *Consent to Plead Guilty before a U.S. Magistrate Judge,* Doc. No. 18,  and again on September 23, 2013, defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

During the change of plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty pleas, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant's pleas, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charges returned in the *Indictment* and the consequences of the pleas to Counts 6, 8 and 9. Defendant was also addressed personally and in open court and advised

2

of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's pleas are voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on May 24, 2013, *Plea Agreement*, Doc. No. 15, represents the only promises made by anyone regarding the charges in the *Indictment*. Defendant specifically acknowledged that, with certain limited exceptions, the *Plea Agreement* includes a waiver of his right to challenge his conviction and sentence. Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that, even if the Court refuses to accept any provision of the *Plea Agreement* not binding on the Court, defendant may nevertheless not withdraw his guilty pleas.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charges. *See Corrected Statement of Facts*, Doc. No. 17. He confirmed that he is pleading guilty to Counts 6, 8 and 9 of the *Indictment* because he is in fact guilty of the offenses charged in those counts. The Court concludes that there is a factual basis for the pleas.

The Court concludes that defendant's pleas of guilty to Counts 6, 8 and 9 of the *Indictment* are knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the pleas.

It is therefore **RECOMMENDED** that defendant Martin Dale Geyer's guilty pleas to Counts 6, 8, and 9 of the *Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office.  Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes.  Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

September 23, 2013                     *s/  Norah McCann King*
 Date                                   Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

4